# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.J.**

**No. 23-230** (Roane County CC-44-2022-JA-7)

## MEMORANDUM DECISION

Petitioner Father T.G.[1] appeals the Circuit Court of Roane County's April 3, 2023, order granting equal custody of K.J. to both parents.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's April 3, 2023, order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In January 2022, the DHHR filed a petition alleging that the mother admitted to abusing heroin, Xanax, and methamphetamine during her pregnancy with M.W., a child not at issue on appeal.[3] The mother also tested positive for methamphetamine upon admission to the hospital to give birth. The DHHR further alleged that this was the *third* abuse and neglect petition filed against the mother for substance abuse, the first two having been filed in 2014 and 2015 and both having resulted in the mother's adjudication as an abusing parent. Importantly, the 2015 proceeding was initiated after the mother gave birth to K.J., who was born with drugs in her system.[4] In the current petition, the DHHR did not include any allegations against petitioner, K.J.'s nonabusing father, with whom the child was placed upon removal from the mother's custody. The DHHR later amended the petition to include an allegation that the mother tested positive for methamphetamine after the original petition's filing.

---

[1]Petitioner appears by counsel David B. Richardson. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Leslie L. Maze appears as the child's guardian ad litem. Respondent Mother H.J. appears by counsel Ryan M. Ruth.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]M.W. is not at issue in this appeal because petitioner is not the child's biological parent.

[4]According to the record, the mother successfully completed an improvement period in that matter and regained custody of the child.

1

In February 2022, the mother stipulated to substance abuse impairing her ability to parent, and the circuit court adjudicated her as an abusing parent. The following month, the court continued the matter, generally, upon the mother's acceptance into the Roane/Calhoun County Family Treatment Court.

In July 2022, the DHHR filed a court report indicating that K.J. was "doing very well with her father and stepmother." According to the DHHR, the child's "grades improved and she now looks forward to attending school." Critically, the DHHR indicated that the child was "back on track with her medical appointments in Morgantown to follow up on leukemia"[5] and "[s]he has been back to the dentist and has regular checkups." The DHHR also noted that the child looked forward to time with the mother. Additionally, the record contains a psychological evaluation for the mother that resulted in a prognosis of "very poor" for improved parenting within a reasonable period of time. Despite this prognosis, the mother was granted unsupervised weekend visits with the child in August 2022.

In December 2022, the Family Treatment Court issued a discharge summary for the mother in which it concluded that she had shown stabilization in her recovery but set forth several recommendations needed for her to maintain sobriety. The following month, the Family Treatment Court issued an order dismissing the mother's case and returning the matter to the circuit court.

In March 2023, the West Virginia University School of Medicine, who treated the child's leukemia several years earlier, issued a letter indicating that the child was thriving in petitioner's care and recommending that she remain in his custody. The letter detailed the fact that the mother missed twelve of the child's appointments between March 2019 and January 2021 while the child was on cancer therapy and an additional five appointments between May 2021 and August 2021 while the child was off therapy. The child's dental records showed that the child was dismissed from the practice in October 2021, when the mother had custody, "due to broken appointments."

On March 24, 2023, the court held a final hearing and heard testimony from both parents. Counsel for the mother sought a parenting plan with custody alternating between each parent every other week. Counsel for petitioner sought a plan under which petitioner would exercise primary custody while the mother would be allocated all but one weekend per month. The DHHR and the guardian supported petitioner's parenting plan, noting that the court had a precedent "that upon conclusion of an abuse and neglect proceeding in which an Adult Respondent successfully completes an improvement period, the non-abusing parent shall remain the primary residential parent." The DHHR noted that the child was "excelling in her current placement." The court, however, found that this "is an unusual case" and that the practice of awarding non-abusing parents custody "does not make sense in this case" because the parents "have cooperated while the case has been pending" and because the mother "was very involved in [K.J.'s] treatment for cancer." The court went on to conclude that "[i]t makes more sense for [K.J.] to attend [elementary school in Roane County]" because both parties reside in Roane County, West Virginia," although the court recognized that the child had been attending school in Jackson County where her stepmother works

---

[5]The record shows that the child was diagnosed with cancer at age three, although at the time of these proceedings she was in remission.

and her siblings attend school. Accordingly, the court directed that beginning in the 2023-2024 school year, the child would be enrolled in school in Roane County. The court accepted the mother's proposed parenting plan, finding that "[r]ecognition needs to be given that the child belongs to both parents" and that, although petitioner and the stepmother "have been wonderful parents, [K.J.] has a severe illness and the Adult Respondent Mother needs to be involved." In allocating custodial responsibility, the circuit court failed to discuss any of the required factors from West Virginia Code §§ 48-9-206, -207, or -209, as more fully addressed below. It is from the April 3, 2023, order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have explained that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the . . . case [will be] remanded for compliance with that process.

Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

Here, it is clear that vacation and remand are required because the court failed to consider any of the statutorily required factors. We have explained as follows:

> A circuit court is obligated to apply the factors and considerations set forth in West Virginia Code §§ 48-9-206 (2018) and -207 (2001) in allocating custodial and decision-making responsibilities when reunifying children subject to abuse and neglect proceedings with parents . . . who are no longer cohabitating at the close of the proceedings. Where findings of abuse and/or neglect have been established, the circuit court must further employ the mandatory considerations and procedures set forth in West Virginia Code § 48-9-209 (2016), in order to protect the children from further abuse and/or neglect.

Syl. Pt. 5, in part, *In re T.M.*, 242 W. Va. 268, 835 S.E.2d 132 (2019). Without specifically addressing all of the factors set forth in those statutes, we note that West Virginia Code § 48-9-209(b) requires courts to "impose limits that are reasonably calculated to protect the child . . . from harm" when a parent has abused or neglected a child. This is the third abuse and neglect proceeding involving the mother and the second in which she has been adjudicated in regard to K.J. Accordingly, we must vacate the court's order and remand the matter with instructions for the court to enter a new order directly addressing the relevant factors.[6]

---

[6]Petitioner raises a second assignment of error in which he alleges that the presiding judge permitted her personal relationship with the mother to unduly influence the custodial allocation below. It is unnecessary to address this argument, however, because petitioner acknowledges that he filed a motion to recuse *after* the entry of the order on appeal. While petitioner has not included this motion in the appendix record before this Court, it appears that it would more appropriately

For the foregoing reasons, we vacate the circuit court's April 3, 2023, order allocating custodial responsibility and remand this matter to the circuit court for further proceedings as directed by this memorandum decision. The court is further directed to undertake any additional proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and Remanded, with directions.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

be considered as a motion for disqualification under Rule 17.01 of the West Virginia Trial Court Rules. On remand, the circuit court is directed to address this motion and comply with the requirements of Rule 17.01 prior to the entry of a new final order.